# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **INTERSTATE AGREEMENT ON** |
| | ) | **DETAINERS ORDER** |
| vs. | ) | |
| | ) | Case No. 1:06-cr-066-2 |
| David Wayne Arnold, | ) | |
| | ) | |
| Defendant. | ) | |

On September 18, 2006, Defendant David Arnold made his initial appearance on an indictment and entered a plea of not guilty to the charges set forth therein. Appearing on behalf of the United States was Attorney Paul Emerson. Appearing for Defendant Arnold was his court-appointed counsel, attorney Scott Hager.

Prior to his initial appearance, Defendant Arnold was incarcerated at the North Dakota State Penitentiary. Pursuant to the Interstate Agreement on Detainers Act ("IADA"), Defendant Arnold's appearance before this court was secured by a writ of habeas corpus *ad prosequendum*.

Following his arraignment, Defendant Arnold was advised of his right under the IADA to continued federal custody until the charges set forth in the indictment are adjudicated. Defendant Wallace knowingly, voluntarily, and upon advice of counsel executed a written waiver of the anti-shuttling provisions of the IADA and stipulated to his continued housing by the State of North Dakota (the "sending state" under the IADA) at the North Dakota State Penitentiary pending trial of the charges on set forth the indictment by the United States (the "receiving state" under the IADA). The United States concurred in this stipulation.

Based on the foregoing stipulation of Defendant Arnold and the United States and Defendant Arnold's waiver of the anti-shuttling provisions of the IADA, **IT IS HEREBY ORDERED** that Defendant Arnold be housed in the "sending state" under the IADA, at the North Dakota State Penitentiary pending trial of this matter or until further order of the court. Further, pursuant to Defendant Arnold's waiver and stipulation, the return of Defendant Arnold to his place of incarceration pending trial shall not be grounds under the IADA for dismissal of the charges set forth in the indictment.

Dated this 18th day of September, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge